UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– *against* –<br><br>RASHAWN VASSELL,<br><br>Defendant. | **ORDER**<br><br>12 Cr. 626 (ER) |

RAMOS, D.J.:

Rashawn Vassell is currently serving a sentence of 223 months' imprisonment at Allenwood USP, a high security prison in Pennsylvania, and is scheduled to finish his sentence on July 28, 2030. Before the Court are his motion to vacate his sentence under 28 U.S.C. § 2255, Doc. 408, as well as his motion for compassionate release based on the COVID-19 pandemic.[1] Doc. 419. The Government opposes both motions. For the reasons set forth below, both of Vassell's motions are DENIED.

I. BACKGROUND

   a. Prior Proceedings

According to his pre-sentence investigation report ("PSR"), on December 15, 2010, Vassell and several other individuals, armed with firearms, attempted to rob 54 Chambers Street in Newburgh, New York (the "Property"), where Jeffrey Henry and others sold crack cocaine

---

[1] Vassell also moves this Court to grant him home confinement under 18 U.S.C. § 3624(c). Doc. 419 at 4. However, only the Bureau of Prisons has the authority to grant that relief. *See United States v. Woody*, ---F.Sup.3d---, 2020 WL 2989206, at *2 (S.D.N.Y. May 29, 2020) (noting that "to the extent that Defendant is moving for home confinement pursuant to Section 3624(c)…federal law vests the BOP with plenary power to designate where inmates serve their sentences").

and marijuana. (PSR ¶¶ 16–18). After they entered the Property, a gunfight ensued, and Mr. Henry was fatally shot. (PSR ¶ 19).

On August 12, 2013, a grand jury sitting in the Southern District of New York returned Indictment S1 12 Cr. 626 (ER) (the "Superseding Indictment") charging Vassell and five co-defendants in five counts with: (1) conspiring to commit an armed robbery in violation of 18 U.S.C. § 1951; (2) committing, attempting to commit, and aiding and abetting the commission of an armed robbery in violation of 18 U.S.C. § 1951 and 2; (3) conspiring to distribute marijuana and crack, in violation of 21 U.S.C. § 846; (4) using a firearm, and aiding and abetting the use of a firearm, in the course of the robbery conspiracy, the robbery, and the attempted robbery charged in Counts One and Two, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2; and (5) using a firearm that caused the death of Jeffrey Henry in violation of 18 U.S.C. § 924(j)(1) and 2. *See* Doc. 70. On December 4, 2013, Vassell pled guilty to Count One only of the Superseding Indictment.[2] At the plea hearing, he stated that on December 15, 2010, he agreed with others to rob the Property. Doc. 94 ("Plea Tr."), at 11–13. Vassell further stated that, in connection with the robbery, Mr. Henry was killed.[3] Id. at 14. The resulting Sentencing Guidelines range was 360 months to life imprisonment; however, the effective Guidelines range was 240 months because 18 U.S.C. § 1951 carries a twenty-year statutory maximum sentence.[4]

On April 17, 2014, Vassell appeared for sentencing. Taking into account the 17 months Vassell had already spent in federal custody, the Court sentenced him to a sentence of 223

---

[2] At Vassell's sentencing, the Court granted the Government's motion to dismiss the remaining open counts in the Superseding Indictment. *See* Doc. 118, at 31:20–25.

[3] Vassell stipulated in the Plea Agreement that U.S.S.G. § 2B3.1(c)(1) applied because a victim was killed under circumstances that would constitute murder.

[4] Vassell had numerous prior state convictions including convictions for robbery in the first degree, burglary in the third degree, and grand larceny in the fourth degree. (PSR ¶¶ 36–46).

months' imprisonment to run concurrently with two state sentences he was serving.  In imposing that sentence, the Court noted that the offense was "a very serious offense, as serious an offense as any judge has to deal with in this courthouse," and "so inherently dangerous that…we are lucky that only one life was lost."  *See* Doc. 118 ("Sentencing Tr."), at 27:13–19.  The Court further noted that Vassell had a "formidable criminal history" and "ha[d] been involved in the drug trade for many years."  *See id*. at 27:21–22.  Vassell did not file a direct appeal.

### b.  Vassell's § 2255 Motion to Vacate

On June 4, 2020, more than six years after his sentence was imposed, Vassell filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that "conspiracy to commit Hobbs Act Robbery does not categorically qualify as a crime of violence and is now unconstitutional in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019).  Doc. 408 at 4–6, 12.  On July 16, 2020, the Government filed its opposition.  Doc. 414.  On August 5, 2020, Vassell submitted a reply letter requesting that this Court appoint a lawyer to represent him on this motion.[5]  Doc. 421.

### c.  Vassell's Compassionate Release Application

On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic.  On March 26, 2020, Attorney General William Barr issued a memorandum in which he directed the Bureau of Prisons (the "BOP) to prioritize the use of home confinement as a tool for combatting the dangers that COVID-19 poses to vulnerable inmates, while ensuring its obligation to protect the public.  In a subsequent memorandum dated April 3, 2020, the Attorney

---

[5] For the Court to order the appointment of counsel, the applicant must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits.  *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).  Here, because Vassell fails to show that his § 2255 motion is likely to have merit, his request for appointment of counsel is DENIED.

General reiterated his earlier guidance and further directed the BOP to give priority to the "most vulnerable inmates" at the "most affected facilities." *See United States v. David*, No. 12 Cr. 214 (ER) (S.D.N.Y. Aug. 6, 2020) (Doc. 519, at 3).

On July 13, 2020, Vassell moved for compassionate release.[6] Doc. 419. Vassell, who is 27 years old, requests release because he "fears for his safety" in light of the COVID-19 pandemic and his hypertension "for which he is receiving medication." *Id*. at 5. Vassell also claims that his offense was not violent, that he has served nearly 50 percent of his sentence, and has "sought to rid himself of the characteristics that lead up to this offense" by taking part in various rehabilitation programs. *Id*. at 6.

On August 20, 2020, the Court received the Government's opposition, as well as Vassell's BOP medical and disciplinary records from 2019 and 2020. Doc. 426. Vassell's medical records confirm that he suffers from hypertension, for which he receives consistent care, monitoring and medication. His disciplinary records show that in December 2019, he engaged in a physical altercation with another inmate.[7]

## II. LEGAL STANDARD

### a. 28 U.S.C. § 2255

Section 2255 enables a prisoner who was sentenced by a federal court to, within one year of the Supreme Court's announcement of a new rule of constitutional law made retroactive to cases on collateral review, to petition the sentencing court to vacate, set aside, or correct his

---

[6] According to the Government, Vassell made a written request to the Warden of Allenwood USP on about May 1, 2020, which was denied by the Warden on May 19, 2020. As such, Vassell has exhausted his administrative remedies.

[7] While the Court only received Vassell's disciplinary records from 2019, the Government claims that his disciplinary records show that he also engaged in fights in January 2014, May 2017, December 2017 (during which Vassell admittedly had a "sharpened plastic weapon"), April 2018, and August 2018, s*ee id*. at 5.

4

sentence on the ground that it was imposed in violation of the constitution or an Act of Congress. 28 U.S.C. § 2255 (a), (f)(3). A "collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

      **b. 18 U.S.C. § 3582**

Although a court may not normally "modify a term of imprisonment once it has been imposed," there are certain limited exceptions, including "compassionate release." *See United States v. Roberts*, No. 18 Crim. 528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks and citation omitted). A court may reduce a prisoner's sentence when it finds that there are "extraordinary and compelling reasons" that warrant such a reduction, but one of two conditions must first occur: either the BOP Director may move the court to release the prisoner; or, alternatively, the prisoner himself may move the court, but only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once a petition for compassionate release is properly brought before a court, its discretion is guided by the policy statement in U.S. Sentencing Guidelines § 1B1.13. *See id*. The Guidelines place three conditions on a determination of early release:

    (1) There are extraordinary and compelling reasons that warrant the reduction; and

    (2) a situation where "the defendant is not a danger to the safety of any other person or to the community."

> (3) the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines § 1B1.13. The Guidelines include as an "extraordinary and compelling reason" the existence of "a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. cmt. 1(A)(ii)(I). The Guidelines further include as an "extraordinary and compelling reason" if the defendant is at least 65 years old, has served at least 10 years or 75 percent of his sentence, and "is experiencing a serious deterioration in physical or mental health because of the aging process." *Id*. cmt. 1(B).

When determining whether a prisoner is a danger to the community, section 1B1.13 refers to 18 U.S.C. § 3142(g), which in turn lists the following factors to be considered:

> (1) The nature and circumstances of the offense charged…;
>
> (2) The weight of the evidence against the person;
>
> (3) The history and characteristics of the person…; and
>
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

If the sentencing court finds that "extraordinary and compelling reasons" exist, it "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

### III. DISCUSSION

#### A. Vassell's § 2255 Motion

Vassell's § 2255 motion is without merit because neither *Davis* nor *Barrett* renders his conviction for conspiracy to commit Hobbs Act robbery unconstitutional.

In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336. Following *Davis*, in *Barrett*, the Second Circuit vacated the defendant's conviction under 18 U.S.C. § 924(c) because the predicate for the conviction was conspiracy to commit Hobbs Act robbery, which, after *Davis*, could not be considered a crime of violence. 937 F.3d at 127. However, neither *Davis* nor *Barrett* held that a conviction for the substantive offense of conspiracy to commit Hobbs Act robbery itself is unconstitutional. In fact, the Second Circuit *affirmed* Barrett's Hobbs Act robbery conspiracy conviction. *Id*. (emphasis added).

Here, Vassell was only convicted of conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951, and was not further convicted of using a firearm in furtherance of that offense in violation of 18 U.S.C. § 924(c). That charge was dismissed at his sentencing. Therefore, even though Vassell's conviction for conspiracy to commit Hobbs Act robbery no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c), that has no bearing on his sentence because he was never convicted of any crime under 18 U.S.C. § 924(c). Accordingly, Vassell's § 2255 motion must be denied. Furthermore, because Vassell has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

### B. Vassell's Compassionate Release Application

Next, the Court turns to Vassell's compassionate release application. The Government contends that Vassell's hypertension alone does not constitute extraordinary and compelling circumstances for his release, especially since his condition appears to be under control with the

help of medication.  *See* Doc. 426, at 4.  Moreover, even if Vassell has demonstrated that his hypertension constitutes an extraordinary and compelling circumstance for his release, the Government contends, the § 3553(a) factors weigh against his release given the seriousness of his offense and the need for further deterrence.  *See id*. at 5.  The Court agrees with the Government on both fronts.

Courts have found hypertension to be a fairly common, generally treatable, condition.  *See e.g. United States v. Zavala-Velasquez*, No. 15 Cr. 174-05(LGS), 2020 WL 3640581, at *2 (S.D.N.Y. July 6, 2020) ("While the CDC lists ordinary hypertension…as a condition that might increase the risk of severe illness from COVID-19, absent evidence of more serious underlying medical conditions, Defendant's medical conditions are not severe enough to justify a sentence reduction.").  Vassell's medical records indeed indicate that he suffers from hypertension, and that it is being treated and appears to be under control with medication.  Accordingly, Vassell, who is 27 years old, has failed to demonstrate that his hypertension presents extraordinary and compelling circumstances for his release.  *See United States v. Bertrand*, No. 15 Cr. 308 (KPF), 2020 WL 4004031 (S.D.N.Y. July 15, 2020) (denying release for a defendant who has hypertension); *see also United States v. Zehner*, No. 19 Cr. 485 (AT), 2020 WL 1892188 (S.D.N.Y. April 15, 2020) (same).

Even if Vassell could establish extraordinary and compelling circumstances, the Court nevertheless finds that the § 3553 factors weigh against granting compassionate release.  As discussed above, Vassell was involved in a violent incident in which he, armed with a gun, attempted to rob a known drug location, resulting in the fatal shooting of Mr. Henry.  As this Court noted at sentencing, this offense is "as serious an offense as any judge has to deal with in this courthouse."  Furthermore, Vassell's criminal history and disciplinary record makes clear

that there is still a need for specific deterrence and that there is no basis to release him after only serving less than 50 percent of his sentence.

To be sure, these are extraordinary times. But as this Court observed in the context of a separate application, "just because there is a pandemic does not mean that the jailhouse doors ought to be thrown open." *United States v. Nunez*, No. 20 Cr. 239 (ER) (S.D.N.Y. Apr. 10, 2020) (Ramos, J.). Vassell was sentenced for serious and dangerous crimes, and he has failed to show that deterrence is no longer needed. Accordingly, his motion for compassionate release is denied. *See United States v. Conley*, No. 19 Cr. 131 (PAE) (S.D.N.Y. Mar. 31, 2020) (Engelmayer, J.) (denying pretrial bail for inmate on high-risk list with asthma, partial lung removal, diabetes, high blood pressure, and hypertension because medical risks were outweighed by serious risk of danger to community).

### IV.  CONCLUSION

For the aforementioned reasons, Vassell's § 2255 motion to vacate and his motion for compassionate release are DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 408, 419.

It is SO ORDERED.

Dated:   September 9, 2020
         New York, New York

_____
Edgardo Ramos, U.S.D.J.