UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-*against*-

RASHAWN VASSELL,

Defendant.

**OPINION & ORDER**

12 Cr. 626 (ER)

---

RAMOS, D.J.:

Rashawn Vassell is currently serving a sentence of 223 months' imprisonment at USP

Thomson, a high security prison in Illinois, and is scheduled to finish his sentence on July 28,

2030.  Before the Court is his *pro se* motion for reconsideration of the Court's September 9,

2020 order denying his motion to vacate his sentence under 28 U.S.C. § 2255.  *See* Doc. 431.

For the reasons discussed below, Vassell's motion is DENIED.

## I.      BACKGROUND

The Court assumes familiarity with the factual background of this case, which is set forth

in detail in the Court's September 9, 2020 order.  *See* Doc. 431.  On December 4, 2013, Vassell

pleaded guilty to Count 1 of Superseding Indictment S1 12 Cr. 626 (ER), conspiracy to commit

Hobbs Act robbery, in violation of 18 U.S.C. § 1951.  Doc. 96.  The Court imposed a 223-month

sentence on April 17, 2014.  *See* Doc. 118.  On September 9, 2020, the Court denied Vassell's

motion to vacate his sentence under 28 U.S.C. § 2255 and for compassionate release.  Doc. 431.

He moves only to reconsider the decision to deny him relief under § 2255.

## II.     LEGAL STANDARD

In this circuit, "a motion to reconsider a section 2255 ruling is available, [and] is to be

treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a

Rule 60(b) motion if filed thereafter." *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993).

Because the order Vassell challenges was filed on September 9, 2020, the Court construes his

motion as a Rule 60(b) motion for relief.  Under Rule 60(b), a Court may "relieve a party or its

legal representative from a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).

Grounds for relief include, *inter alia*, "newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" that

"the judgment is void;"  and that the judgment "is based on an earlier judgment that has been

reversed or vacated."  *Id.*

### III.    DISCUSSION

####    A.    **Argument Based on *United States v. Davis***

In Vassell's previous motion, he argued that his sentence for conspiracy to commit Hobbs

Act Robbery should be vacated in light of *Davis v. United States*, 139 S. Ct. 2319 (2019) and

*United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019).  Doc. 408 at 4–6, 12.  In *Davis*, the

Supreme Court held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  *See* 139 S. Ct.

at 2336.  Section 924(c) provides additional penalties if a defendant is convicted of a predicate

"crime of violence" and certain other conditions regarding the use or possession of a firearm are

met.  In *Davis*, the Supreme Court held that a subsection of the statute, § 924(c)(3)(B), provided

an unconstitutionally vague definition of the term "crime of violence."  *See* 139 S. Ct. at 2336.

In light of *Davis*, the Second Circuit subsequently determined that a conviction for conspiracy to

commit Hobbs Act robbery could not serve as a predicate "crime of violence" under § 924(c).

*See Barrett*, 937 F.3d at 127.  However, neither of these cases held that a conviction for

conspiracy to commit Hobbs Act robbery would *itself* be unconstitutional.  Accordingly, the

Court denied Vassell's previous motion because *Davis* and *Barrett* only impact convictions

under § 924(c); these cases did not affect the propriety of Vassell's underlying conviction for conspiracy to commit Hobbs Act robbery.  Doc. 431 at 7.

Vassell appears to raise the same argument here, and the Court denies Vassell's motion to reconsider for the same reasons.  While *Davis* and *Barrett* preclude the use of conspiracy to commit Hobbs Act Robbery as a predicate "crime of violence," under § 924(c), they do not impact his conspiracy to commit Hobbs Act Robbery conviction itself.

### B.      Sentencing Enhancement Argument

Vassell also argues that he received a sentencing enhancement for "participating in a crime of violence," which is now unconstitutional in light of *Davis* and *Barrett*.  Doc. 484 at 2. This is inaccurate.  Rather, in Vassell's plea agreement, he and the Government stipulated to a base offense level of 43 because they acknowledged that U.S.S.G. § 2B3.1(c)(1) would apply. *See* Doc. 486 at 1–2.[1]  Under § 2B3.1(c)(1), if a victim in a robbery case was killed under circumstances that would constitute murder, courts apply U.S.S.G. § 2A1.1.  Section § 2A1.1 in turn provides for a base offense level of 43.  Applying this offense level and Vassell's criminal history category of IV, Vassell's guideline range would have been 360 months to life imprisonment.  *See* Doc. 118 at 9:17–21.  However, 18 U.S.C. § 1951 carries a statutory maximum of 240 months, so his sentence could not exceed 240 months.  *Id.*  Ultimately Vassell was sentenced to 223 months, as the Court took into account the 17 months Vassell had already spent in state custody.  *Id.* at 27:1–8.  Thus, the Court sentenced Vassell based on its consideration of the applicable sentencing guidelines range (which has not been impacted by *Davis* or *Barrett*), as well as the appropriate statutory considerations under 18 U.S.C. § 3553(a).

---

[1] This was later reduced to 40 due to Vassell's acceptance of responsibility.  *See* Doc. 118 at 9:17–21.

It is therefore inaccurate to say that Vassell received a sentencing enhancement for committing a "crime of violence," and there is no basis for vacating the sentence under § 2255.

## IV.    CONCLUSION

For the reasons discussed, Vassell's motion to reconsider is DENIED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motion, Doc. 484, and mail a copy of this Order to Vassell.

It is SO ORDERED.

Dated:    June 16, 2021.
    New York, New York

               _____
                EDGARDO RAMOS, U.S.D.J.