UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– *against* –

RASHAWN VASSELL,

                Defendant.

**ORDER**

12-cr-00626 (ER)

Ramos, D.J.:

      On April 17, 2014, Rashawn Vassell was sentenced to 223 months' imprisonment after pleading guilty to conspiracy to commit Hobbs Act robbery. His guideline range at the time of sentencing was 240 months. On January 29, 2024, Vassell moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. Doc. 546.

      Section 3582(c)(2) allows a court, after considering the § 3553(a) factors, to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement, however, provides that a sentence reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 821 went into effect on November 1, 2023, and applies retroactively. As relevant here, the amendment modifies the calculation of criminal history points (or "status points") for defendants who committed their offense while under a criminal justice sentence, such as probation or parole.

      The Court finds that Vassell is not eligible for a sentence reduction. As the supplemental presentence report filed by the Probation Office indicates, Vassell is not eligible for the status

point recalculation because he did not receive an enhancement for committing this offense while under a criminal justice sentence. Doc. 547 at 22. Accordingly, Vassell's amended guideline range remains 240 months, and his original sentence is well below that range. In other words, Amendment 821 "does not have the effect of lowering [Vassell's] applicable guideline range," so he is not eligible for a sentence reduction. U.S.S.G. § 1B1.10(a)(2)(B).

Accordingly, Vassell's motion for a sentence reduction is DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Vassell and to terminate the motions, Docs. 546 and 554.

SO ORDERED.

Dated: September 13, 2024
New York, New York

Edgardo Ramos, U.S.D.J.